NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5061-14T4

CAROLYN APPELL,

 Plaintiff-Respondent,

v.

ALBERT BENCHABBAT,

 Defendant-Appellant.
________________________________

 Submitted March 7, 2017 – Decided October 20, 2017

 Before Judges Espinosa and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen County,
 Docket No. FM-02-0514-06.

 Albert Benchabbat, appellant pro se.

 Carolyn Appell, respondent pro se.

 The opinion of the court was delivered by

SUTER, J.A.D.

 Defendant appeals the May 29, 2015 order that denied

reconsideration of an earlier order, requiring him to pay a $5000

deductible for his children's health insurance. We affirm, finding

no error by the Family Court judge in denying reconsideration.
 Carolyn Appell (mother) and Albert Benchabbat (father) were

divorced in 2007. Their June 2007 Amended Final Judgment of

Divorce (AJOD) comprehensively addressed issues involving the end

of the marriage. This appeal concerns the issue of health

insurance for the couple's five children.

 The AJOD provided that father "shall continue to maintain the

five minor children on his medical insurance coverage." Mother

was required to pay "the first $250[] of unreimbursed medical

expenses per child, per year." After mother paid that amount, the

"unreimbursed medical expenses shall be shared proportionately

between the parties, with [mother] responsible for 40% and [father]

responsible for 60% of any amounts over and above the $250 per

year, per child threshold."

 In February 2015, the parties appeared before the Family

Division judge based on father's motion to compel mother to apply

in New Jersey for health insurance for the children. Mother cross-

moved to require father to continue providing health insurance

through United Health Care (UHC) "or another comparable carrier."

She complained that father had not continued coverage for the

children with UHC but obtained it through Care Connect. Because

Care Connect had no contract with the State of New Jersey, she was

required to take the children to New York for appointments. The

judge contacted UHC by phone, and based on father's representation

 2 A-5061-14T4
that the "max out-of–pocket" on the former policy was $5000, the

court obtained information that comparable coverage ranged from

$1196 per month to $392 per month. The judge obtained

clarification that the parent providing coverage would be billed

for it.

 The court ordered mother to apply for health insurance through

UHC and New Jersey FamilyCare for coverage comparable to the former

UHC plan with a $5000 family deductible. Father was to pay by

advancing three months of premiums to mother at a time. He was

ordered, consistent with the AJOD, to pay sixty percent of an

outstanding medical bill.

 Mother filed a motion for reconsideration. Although she

purchased insurance for the children from Horizon Blue Cross/Blue

Shield for $554.68 per month, father did not advance the premiums.

She told the judge the prior health plan did not have a $5000

deductible and "any plan that does not have that five-thousand-

dollar deductible will not be anywhere near the price that you

were quoted in court." Mother requested that father pay all of

the $5000 deductible. Father objected saying he had paid monies

into the court.

 On April 7, 2015, the court ordered that father remain

obligated under the AJOD to pay through Probation the health

insurance premiums for all of the emancipated children. Also,

 3 A-5061-14T4
father was responsible to pay all of the $5000 deductible within

each calendar year.

 On May 29, 2015, the court denied father's motion for

reconsideration because he "provided no new facts which would

warrant this court reviewing its prior determination." The court

denied his request to require mother to pay the first $250 per

child per year in unreimbursed medical expenses. The court's

order stated that it had ordered the change in who provided

insurance coverage "at [d]efendant's request, but also to grant

[p]laintiff control over the policy so she could ensure there was

health insurance in place for the children." The court's order

stated that defendant was responsible under the AJOD for all of

the premiums and 60% of the deductible, however, "[b]ecause the

premiums under the new health insurance policy were far less, the

court exercised its powers in equity to make [d]efendant

responsible for the first $5000 of the deductible." The court

considered his "out-of-pocket expenses under the new policy were

comparable to that under the old policy." Mother was ordered to

provide medical bills and insurance cards to him on a quarterly

basis.

 Father appeals the denial of his motion for reconsideration.

He contends the court erred in requiring him to pay the full

deductible because this was contrary to the AJOD, constituted a

 4 A-5061-14T4
financial hardship and was not in the children's best interest.

He suggested the court should have called his insurance broker and

also heard oral argument. He requests a remand to the trial court

to find "better insurance benefits coverage and more cost effective

premiums" for the children. We discern no error by the court and

affirm.

 Father appeals the May 29, 2015 order that denied

reconsideration. We do not have before us the February 2, 2015

or April 7, 2015 orders because he did not file an appeal of these

orders. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397

N.J. Super. 455, 458 (App. Div. 2008) ("[I]t is clear that it is

only the orders designated in the notice of appeal that are subject

to the appeal process and review."); Fusco v. Bd. of Educ. of City

of Newark, 349 N.J. Super. 455, 461-62 (App. Div.) (reviewing only

denial of the plaintiff's motion for reconsideration and refusing

to review the original grant of summary judgment because that

order was not designated in the notice of appeal), certif. denied,

174 N.J. 544 (2002). Thus, the only issue is whether the court

erred in denying reconsideration of the order that father pay all

of the annual $5000 deductible.

 We accord "great deference to discretionary decisions of

Family Part judges[,]" Milne v. Goldenberg, 428 N.J. Super. 184,

197 (App. Div. 2012), in recognition of the "family courts' special

 5 A-5061-14T4
jurisdiction and expertise in family matters[.]" N.J. Div. of

Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010)

(quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "[F]indings

by the trial court are binding on appeal when supported by

adequate, substantial, credible evidence." Cesare, supra, 154

N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'r Ins. Co.,

65 N.J. 474, 484 (1974)). However, "[a] trial court's

interpretation of the law and the legal consequences that flow

from established facts are not entitled to any special deference."

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366,

378 (1995).

 Because this appeal involves a reconsideration order, the

review is further limited. State v. Puryear, 441 N.J. Super. 280,

294 (App. Div. 2015). Reconsideration is not appropriate merely

because a litigant is dissatisfied with a decision. D'Atria v.

D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration

is appropriate only where "1) the [c]ourt has expressed its

decision based upon a palpably incorrect or irrational basis, or

2) it is obvious that the [c]ourt either did not consider, or

failed to appreciate the significance of probative, competent

evidence." Ibid. Reconsideration may also be granted where "a

litigant wishes to bring new or additional information to the

 6 A-5061-14T4
[c]ourt’s attention which it could not have provided on the first

application." Ibid.

 The court did not err in denying the requested

reconsideration. Based on information from the health plans, the

larger deductible kept lower premiums for comparable coverage.

Father does not contend he presented new information about other

plans and rates that the court failed to consider. Although his

financial responsibility for the deductible increased moderately,1

the court did not modify the parties' 60/40 sharing for

unreimbursed medical expenses exceeding $5000 and sought to

maintain a reasonable premium once father was no longer required

to provide the insurance coverage. The court's decision was

reasoned and based on the evidence before it.

 We conclude that defendant's further arguments are without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E).

 Affirmed.

1
 The deductible increase was approximately $2600, but there was
no information about an increase or decrease in the premium.

 7 A-5061-14T4